# United States District Court

        WESTERN        DISTRICT OF    NEW YORK

UNITED STATES OF AMERICA

v.

PETER VIERA

**CRIMINAL COMPLAINT**

CASE NUMBER: 13-M- 76

    I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief:

that on or about May 31, 2013, in Erie County, in the Western District of New York, the defendant did knowingly, willfully and unlawfully combine, conspire and agree with others, known and unknown, to commit offenses against the United States, that is, to possess with intent to distribute, and to distribute, Methylone, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846.

I further state that I am an Special Agent with the Federal Bureau of Investigation, and that this complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof:        (✔) Yes     ( ) No

THOMAS J. WEBB
Special Agent
U.S. Homeland Security
Office of Investigation
Signature of Complainant

Sworn to before me and subscribed in my presence,

MAY  31 , 2013                               at    Buffalo, New York
Date                                                           City and State

HON. H. KENNETH SCHROEDER, Jr.
U.S. MAGISTRATE JUDGE                        Signature of Judicial Officer
Name & Title of Judicial Officer

## AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT

STATE OF NEW YORK    )
COUNTY OF MONROE     )    SS:
CITY OF ROCHESTER    )

I, **Thomas J. WEBB**, being duly sworn, deposes and hereby states:

I am a Special Agent for the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been since August 20, 2007. I am a federal law enforcement officer within the meaning of Rule 41(a) of the Federal Rules of Criminal Procedure, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Sections 841 and 846, among others. I have participated in investigations targeting the smuggling, trafficking, and distribution of narcotics and I have extensive training on these and related topics. I am familiar with how controlled substances are obtained, diluted, packaged, distributed, sold, and used, as well as how narcotics traffickers use other persons and/or their personal property to facilitate their illegal activities. I have participated in numerous narcotics-related criminal investigations and have participated in the preparation and execution of numerous narcotics-related search warrants.

This affidavit is submitted in support of an application in support of a criminal complaint for the arreat of PETER VIERA, a violation of Title 21, United States Code, Sections 846 (conspiracy to possess controlled substances with the intent to distribute).

On May 29, 2013, United States Postal Inspector Jeffrey Mahl contacted HSI and advised that they had intercepted a package from China destined to Matthew PETERSON at 828 88th Street, Niagara Falls, NY. On May 30, 2013 a federal search warrant was applied for and received to search the contents of the package. Pursuant to this search warrant, the package was opened and found to contain approximately one kilogram of an off white granular substance believed to be MDMA powder. The substance was field tested using a 923 Methamphetamine MDMA Reagent test kit and tested positive for the properties of Methamphetamine and MDMA. The suspected drugs were seized and replaced with another substance. The package was resealed for a possible controlled delivery.

Thereafter, United States Postal Service (USPS) received several calls requesting the delivery of this package. The caller, provided a phone number. A public record search of

the phone number revealed that the number belonged to Dean GOODEMOTE.

On May 31, 2013 USPS contacted the phone number provided (GOODEMOTE) and informed the individual that the package was available for pickup, at the LaSalle Post Office located at 9860 Niagara Falls, Blvd., Niagara Falls NY. The individual stated that he would be able to pick the package up at the LaSalle location between 9:15 am and 9:20 am.

Later that day, HSI and USPS arranged for the controlled delivery of the package. At approximately 9:20 am a Black Nissan Altima and Red Dodge Avenger were observed, by HSI Agents, entering the LaSalle Post Office parking lot. The Altima was observed parking in front of the Post Office while the Avenger was observed driving through the parking lot and then parking in a hotel parking lot across the street. The Avenger parked facing the Post Office. A person matching the description of Dean GOODEMOTE was observed exiting the Altima and entering the Post Office.

Once inside the Post Office, GOODEMOTE was observed receiving the package. After receiving the package, GOODEMOTE then exited the Post Office where he was arrested. GOODEMOTE told the agents that the package was intended for Peter

3

LNU. GOODEMOTE stated that he went to school with Peter at ITT Technical Institute and that he has been distributing narcotics for Peter for approximately 1 year. Usually, GOODEMOTE would pay VIERA $5000 per kilogram of MDMA. GOODEMOTE further advised that, earlier that day, he had met VIERA at a Tim Horton's, and, as collateral for the package to be picked up, GOODEMOTE left his two phones with VIERA. GOODEMOTE further advised that he was picking up the drugs for VIERA and was then going to distribute them on behalf of VIERA.

Goodemote states that VIERA advises that he obtains the drugs from China, where VIERA claims to have a wife. VIERA was described as being "good with computers" and informed Goodemote that he needs to use "TOR" (The Onion Router) to chat anonymously online when discussing his need to purchase from China or obtain from VIERA the Methylone. TOR is a browser similar to Mozilla or Internet Explorer but uses software to anonymize the IP address of the end user. Goodemote states that he would SMS message with VIERA to obtain the TOR chat room name and then discuss the purchase or pickup of Methylone from China. Goodemote stated that he would normally chat between the hours of 8pm and 1am.

In addition to the online chat utilizing TOR, Goodemote states that he uses a Blackberry TracFone to communicate directly with VIERA. The communication via Blackberry TracFone relates to who in China VIERA is directing Goodemote to send money to. Also, in the instance that Goodemote would be the person receiving the package VIERA would communicate the tracking numbers for the inbound package to the United States that VIERA has obtained from the shipper.

As GOODEMOTE was being arrested, Agents went across the street to the parked Avenger. The car was occupied by PETER VIERA and another. When questioned, VIERA was asked if he had any phones. VIERA responded that the phones in the passenger side door were his. VIERA said that he was going to breakfast. VIERA was then arrested and taken into custody for questioning.

Upon arrest, VIERA was found to be in possession of another phone. After being read his Miranda Rights, VIERA was asked if he ever obtained the drugs from China. VIERA advised that before he knew that the Methylone was illegal, he used his computer to order the Methylone, on line, from China with an individual named Allen Young. During the course of booking process, VIERA gave

5

his address as VIERA gave his address as 36 Moyle Avenue, Tonwanda, New York.

Wherefore, there is probable cause to believe that PETER VIERA has violated Title 21, United States Code, Section 846 for conspiring to possess with the intent to distribute a controlled substance.

THOMAS J. WEBB
Special Agent
Homeland Security Investigations

Sworn to and subscribed
before me this 31st day of
May, 2013.

HONORABLE H. KENNETH SCHROEDER JR.
UNITED STATES MAGISTRATE JUDGE